**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAIME LEA DERDERIAN,

       Plaintiff-Appellant,

v.

SOUTHWESTERN & PACIFIC
SPECIALTY FINANCE, INC., DBA
Check 'N Go; DOES, 1-100 inclusive,

       Defendants-Appellees.

No.    14-56995

D.C. No.
3:14-cv-00412-L-KSC

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Argued and Submitted November 8, 2016
Pasadena, California

Before: O'SCANNLAIN, FERNANDEZ, and RAWLINSON, Circuit Judges.

    Jaime Lea Derderian appeals from the district court's grant of summary

judgment in favor of Southwestern & Pacific Specialty Finance, Inc.

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

("Southwestern").  As the facts are known to the parties, we repeat them only as necessary to explain our decision.

## I

We are satisfied that there is no genuine factual dispute that Southwestern extended firm offers of credit to Derderian in connection with its receipt of her consumer report in September 2012 and March 2013.  *See* 15 U.S.C. § 1681b(c)(1)(B).

## A

The district court did not abuse its discretion in considering the declaration of Yanjue Li.  *See S.E.C. v. Phan*, 500 F.3d 895, 912 (9th Cir. 2007) ("A district court's refusal to exclude evidence in its consideration of summary judgment is reviewed for an abuse of discretion and warrants reversal only when the evidentiary ruling was manifestly erroneous and prejudicial." (emphasis omitted) (internal quotation marks omitted)).  Li's declaration was based on information she learned by personally reviewing her employer's business records, and the substance of that declaration could be admitted at trial under the business-records

exception to hearsay.[1]  *See* Fed. R. Evid. 803(6).  The district court did not abuse its discretion in considering the declaration at the summary judgment stage, even if it was not presented in an admissible *form* at that stage.  *See* Fed. R. Civ. P. 56(c)(4); *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003); *Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992).

B

Li's declaration provided uncontradicted evidence that firm offers of credit were sent to Derderian in both December 2012 and May 2013.

Derderian's statement that she does "not recall" receiving the mailers described by Li is not enough to create a genuine dispute with Southwestern's evidence that the mailers were indeed sent to her.  *See, e.g.*, *McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1173 (9th Cir. 2016) ("If the [opposing] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." (internal quotation marks omitted)).

Further, there is no genuine dispute that the exemplar mailers qualify as "firm offer[s] of credit" under the statute.  *See* 15 U.S.C. § 1681a(l).  Those mailers

---

[1]  It does not matter whether the records Li reviewed may have been given to her company by a third party; they may be admitted as the business records of her company even if they were generated elsewhere.  *See MRT Constr. Inc. v. Hardrives, Inc.*, 158 F.3d 478, 483 (9th Cir. 1998).

state that the recipient has been pre-selected to apply for a loan of up to $5,000, and Dederian has not identified any terms within the offers that would render them illusory. Once again, Derderian's blind speculation that Southwestern might not have intended to honor all of those offers is not enough to defeat summary judgment. *See McIndoe*, 817 F.3d at 1173.

## C

Finally, there is no genuine dispute that these offers were made "in connection with" Southwestern's receipt of Derderian's consumer report. 15 U.S.C. § 1681b(c)(1). Li declared that each offer was sent to Derderian "as a result of" Southwestern obtaining her consumer report as part of a promotional pre-screening process. The statute does not contain any requirement that offers must be sent within a certain time period, and Derderian does not cite any legal authority in support of her notion that the company delayed too long in extending offers to her. And even if there *were* some implicit timing requirement, Southwestern's alleged failure to observe such a novel and unspoken requirement could not have been "willful," as required for Derderian's claim brought under § 1681n. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68–70 (2007).

## II

We do not consider Derderian's claim that Southwestern received impermissible portions of her consumer report, in violation of 15 U.S.C. § 1681b(c)(2), because she failed to allege such violation in her complaint, and instead raised the issue for the first time in response to Southwestern's motion for summary judgment. *See Trishan Air, Inc. v. Fed. Ins. Co.*, 635 F.3d 422, 435 & n.19 (9th Cir. 2011).

## III

Finally, Derderian has waived any challenge to the district court's denial of her motion for leave to amend her complaint by failing to argue that issue in her opening brief. *See Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012).

**AFFIRMED.**